UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LEGAL MAIL
Provided to Florida State Prison on
3/28/18 for mailing by AB

JACKSONVILLE Division

## CIVIL RIGHTS COMPLAINT FORM

ANTONIO L. BUCKMAN

CASE NUMBER: 3:18-cv-435-J-32MCR
(To be supplied by Clerk's Office)

JURY TRIAL DEMANDED

2018 MAR 30 PM 12:54 FILED
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

(Enter full name of each Plaintiff and prison number, if applicable)

v.

SGT. DANNY HALSEY

DEFENDANT IS BEING SUED IN HIS INDIVIDUAL CAPACITY

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I. **PLACE OF PRESENT CONFINEMENT:** FLORIDA STATE PRISON, P.O. BOX 800
(Indicate the name and location)
RAIFORD, FL 32083

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES:** Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

III. **PREVIOUS LAWSUITS:**

DC 225 (Rev 2/2012)                         1

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✗)

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:

      Plaintiff(s): ANTONIO L. BUCKMAN

      Defendant(s): SGT. JAMES A. BEIGHLEY AND OFFICER T. COLEMAN

   2. Court (if federal court, name the district; if state court, name the county):

      BRADFORD COUNTY

   3. Docket Number: 04-2010-CA-50

   4. Name of judge: TOBY S. MONACO

   5. Briefly describe the facts and basis of the lawsuit: DEFENDANTS DESTROYED PLAINTIFFS PERSONAL PROPERTY WHICH RESULTED IN A TORT ACTION BEING FILED. PLAINTIFF SEEKED COMPENSATORY DAMAGES FOR HIS DESTROYED PROPERTY.

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): CASE WAS DISMISSED, THEN APPEALED. APPEAL WAS DENIED. PLAINTIFF THEN FILED A 1.540(b) MOTION WHICH WAS DENIED. PLAINTIFF THEN FILED AN APPEAL WHICH WAS DENIED

   7. Approximate filing date: JANUARY 4, 2010

   8. Approximate disposition date: OCTOBER 21, 2010

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

DC 225 (Rev 2/2012)                    2

(1). **PREVIOUS LAWSUITS:**

PLAINTIFF(S): ANTONIO BUCKMAN
DEFENDANT(S): WARDEN STEVEN SINGER, et al.

(2). COURT (IF FEDERAL COURT, NAME OF THE DISTRICT)

**MIDDLE DISTRICT OF FLORIDA**

(3). DOCKET NUMBER: 3:11-CV-269-J-99TJC-JRK
(4). NAME OF JUDGE: TIMOTHY J. CORRIGAN
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT:
PRELIMINARY INJUNCTION/TRO FORCING PLAINTIFF TO CUT HIS HAIR IN VIOLATION OF THE 1st AMENDMENT RIGHT AND THE (RLUIA).
(6). DISPOSITION OF CASE? DISMISSED
(7). APPROXIMATELY FILING DATE: AROUND MARCH 17, 2011
(8). APPROXIMATELY DISPOSITION DATE: MARCH 23, 2011, I THINK

(1). **PREVIOUS LAWSUITS:**

PLAINTIFF(S): ANTONIO BUCKMAN
DEFENDANT(S): JOHN PALMER, et al.

(2). COURT (IF FEDERAL COURT, NAME OF THE DISTRICT)

**MIDDLE DISTRICT OF FLORIDA**

(3). DOCKET NUMBER: 3:12-CV-1056-MMH-JRK
(4). NAME OF JUDGE: DO NOT KNOW
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT:
PLAINTIFF WAS SEEKING AN INJUNCTION/TRO TO FORCE THE DEFENDANT'S TO ISSUE PLAINTIFF BACK HIS PERSONAL PROPERTY SUCH AS LEGAL WORK, RELIGIOUS MATERIAL, LEGAL BOOKS, etc. THAT WAS ILLEGALLY TAKEN IN VIOLATION OF MY 1st AMENDMENT RIGHTS.

(6). DISPOSITION OF CASE? DISMISSED
(7). APPROXIMATE FILING DATE: 9-27-12
(8). APPROXIMATE DISPOSITION DATE: DO NOT KNOW

(1). **PREVIOUS LAWSUITS:**
  PLAINTIFF(S): ANTONIO L. BUCKMAN
  DEFENDANT(S): DARRELL KENNINGTON, et al.,
(2). CASE WAS FILED IN THE FEDERAL COURT: MIDDLE DISTRICT OF FLORIDA
(3). DOCKET NUMBER: 3:08-CV-893-J-32JRK
(4). NAME OF JUDGE: TIMOTHY J. CORRIGAN
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: EXCESSIVE USE OF FORCE AGAINST PLAINTIFF IN VIOLATION OF HIS 8th AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION
(6). DISPOSITION OF CASE: SETTLED
(7). APPROXIMATELY FILING DATE: SEPTEMBER 15, 2008
(8). APPROXIMATELY DISPOSITION DATE: MARCH OF 2010

(1). **PREVIOUS LAWSUITS:**
  PLAINTIFF(S): ANTONIO L. BUCKMAN
  DEFENDANT(S): LANCE SIMMONS, et al.,
(2). CASE WAS FILED IN THE FEDERAL COURT: MIDDLE DISTRICT OF FLORIDA
(3). DOCKET NUMBER: 3:10-CV-1056-J-12JBT
(4). NAME OF JUDGE: JOEL B. TOOMEY
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: PLAINTIFF WAS DENIED MENTAL ASSISTANCE, FORCED TO SELF-HARM HIMSELF, IN VIOLATION OF PLAINTIFF'S 8th AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION
(6). DISPOSITION OF CASE: SETTLED
(7). APPROXIMATELY FILING DATE: NOV. 9, 2010
(8). APPROXIMATELY DISPOSITION DATE: 12-8-14

(1). **PREVIOUS LAWSUITS:**
  PLAINTIFF(S): ANTONIO L. BUCKMAN
  DEFENDANT(S): SECRETARY, DEPT. OF CORR. et al.,
(2). CASE WAS FILED IN THE FEDERAL COURT: MIDDLE DISTRICT OF FLORIDA
(3). DOCKET NUMBER: 3:10-CV-486-J-JRK
(4). NAME OF JUDGE: JAMES R. KLINDT
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: THIS CASE IS NOT A 1983 CIVIL CASE, BUT A FEDERAL HABEAS CORPUS CHALLENGING HIS CONVICTION AND SENTENCE UNDER INEFFECTIVE ASSISTANT OF COUNSEL CLAIMS.
(6). DISPOSITION OF CASE: PENDING
(7). APPROXIMATELY FILING DATE: JUNE 1, 2010
(8). APPROXIMATELY DISPOSITION DATE: PENDING

(I). **PREVIOUS LAWSUITS:**

PLAINTIFF(S): Antonio L. Buckman
DEFENDANT(S): Secretary, Dept. of Corr., et al.

(a). COURT (IF FEDERAL COURT, NAME OF THE DISTRICT)
   Middle District of Florida

(3). DOCKET NUMBER: 2012-CA-2672

(4). NAME OF JUDGE: Kevin J. Carroll

(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: Plaintiff filed a writ of mandamus challenging the finding of guilt of the DR hearing where DOC failed to present the actual evidence of the radio at the hearing.

(6). DISPOSITION OF CASE: Denied

(7). APPROXIMATELY FILING DATE: August 16, 2012

(8). APPROXIMATELY DISPOSITION DATE: Don't know

(II). **PREVIOUS LAWSUITS:**

PLAINTIFF(S): Antonio L. Buckman
DEFENDANT(S): Bonnie Morris

(a). COURT (IF FEDERAL COURT, NAME OF THE DISTRICT)
   Middle District of Florida

(3). DOCKET NUMBER: 3:12-CV-938-J-34 PDB

(4). NAME OF JUDGE: I think Joel B. Toomey

(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: Plaintiff was assaulted /use of excessive force in violation of plaintiffs 8th Amendment right of the United States Constitution

(6). DISPOSITION OF CASE: Settled

(7). APPROXIMATELY FILING DATE: Sometime in 2012

(8). APPROXIMATELY DISPOSITION DATE: 1-7-2015

## (I) PREVIOUS LAWSUITS:

PLAINTIFF(S): Antonio L. Buckman

DEFENDANT(S): Sec. Dept. of Corr., et al.,

(2). COURT (IF FEDERAL COURT, NAME OF THE DISTRICT): FILED IN STATE COURT LEON COUNTY

(3). DOCKET NUMBER: 2012-CA-2672

(4). NAME OF JUDGE: Kevin J. Carroll

(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: Plaintiff filed a writ of mandamus challenging his DR conviction, where he was denied the right to have the actual radio presented at the hearing.

(6). DISPOSITION OF CASE: Dismissed

(7). APPROXIMATELY FILING DATE: August 16, 2012

(8). APPROXIMATELY DISPOSITION DATE: Don't know

## (I). PREVIOUS LAWSUITS:

PLAINTIFF(S): Antonio L. Buckman

DEFENDANT(S): Ronnie Morriss

(2). COURT (IF FEDERAL COURT, NAME OF THE DISTRICT): Middle District of Florida

(3). DOCKET NUMBER: 3:13-cv-872-J-32JRK

(4). NAME OF JUDGE: James R. Klindt

(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: Excessive use of force against plaintiff / assault & battery / failure to protect, during a cell extraction in violation of his 8th & 14th amendment rights of the United States Constitution

(6). DISPOSITION OF CASE: Pending

(7). APPROXIMATELY FILING DATE: 12-2-2013

(8). APPROXIMATELY DISPOSITION DATE: Pending

identify these suits below by providing the case number, the style, and the disposition of each case: (1) CASE NO. 3:11-CV-269-J-99JH-JRK, PRELIMINARY INJUNCTION/TRO, FEDERAL SUIT DISMISSED AS FRIVOLOUS OR FAILURE TO STATE A CLAIM, OF VIOLATION OF RELIGIOUS RIGHTS (2). CASE NO. 3:12-CV-1056-MMH-JRK PRELIMINARY INJUNCTION/TRO DISMISSED FOR FAILURE TO PROVIDE A PROPOSED ORDER, VIOLATION OF MY 1st & 14th AMENDMENT RIGHTS TO LEGAL DOCUMENTS AND RELIGIOUS MATERIAL.

IV. **PARTIES:** In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: ANTONIO L. BUCKMAN

   Mailing address: FLORIDA STATE PRISON, P.O. BOX 800, RAIFORD, FL 32083

B. Additional Plaintiffs: _____

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: DANNY HALSEY

   Mailing Address: ~~[illegible]~~ P.O. BOX 800, RAIFORD, FL 32083

   Position: SERGEANT

   Employed at: FLORIDA STATE PRISON

D. Defendant: _____

   Mailing Address: _____

DC 225 (Rev 2/2012)                3

V.  STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

(1). DEFENDANT DANNY HALSEY IS A CORRECTIONAL SERGEANT EMPLOYED AT FLORIDA STATE PRISON. HE IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

A. FAILURE TO PROTECT PLAINTIFF FROM HARM

(a). THE ACTION OF DEFENDANT D. HALSEY FAILURE TO MEET

VI. STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

(6). ON APRIL 21, 2017 WHILE ASSIGNED AS A CLOSE MANAGEMENT I INMATE AT FLORIDA STATE PRISON ON M-WING AT APPROXIMATELY 6:30PM-7:00PM UPON SGT. HALSEY MAKING HIS (30) MINUTE WING CHECK HE HEARD AND OBSERVED PLAINTIFF AND INMATE SCOTTIE ASH HAVING A VERBAL ALTERCATION AND THREATING TO HARM EACH OTHER.

(7). AT THAT TIME SGT. HALSEY ADVISED BOTH INDIVIDUALS

STATEMENT OF CLAIM, CONTINUED:

His responsibilities as a prison employee to intervene and protect plaintiff from the physical attack committed by inmate Scottie Ash when he knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take any reasonable precautionary measures to abate. It was deliberate indifferent to plaintiff's safety needs that constitutes the deprivation of plaintiff's United States constitutional right under the Eighth Amendment to be free from cruel and unusual punishment and the unnecessary wanton infliction of pain and the United States Constitution Amendment right Fourteenth to be protected equally under the laws, notwithstanding plaintiff's inmate status. Thereby, participating in, facilitating, encouraging or acquiescing the behavior of inmate Ash which contributed to and proximately caused plaintiff's injuries.

(3). As a result of defendant Halsey failure to protect plaintiff from the said physical assault by inmate Ash, plaintiff suffered physical, emotional, and psychological injuries.

(4). Defendant Halsey have acted under the color of state law at all times relevant to this complaint.

(5). The plaintiff has no adequate or complete remedy at law to redress the wrongs described in this complaint. Plaintiff has and will continue to be irreparably injured by the conduct of all the defendants unless this court grants the relief sought in this complaint.

## STATEMENT OF FACTS, CONTINUED

TO CEASE THEIR BEHAVIOR OR WE WOULDN'T BE PARTICIPATING IN THE DAYROOM.

(8). THEREAFTER, AT APPROXIMATELY 8:05 PM, SGT. HALSEY ALONG WITH AN UNKNOWN OFFICER STARTED PULLING INMATES ON THE THIRD FLOOR FOR DAYROOM.

(9). UPON REACHING PLAINTIFFS CELL M-1326 AND CONDUCTING A STRIP SEARCH OF PLAINTIFF, SGT. HALSEY INFORMED PLAINTIFF THAT HE AND INMATE SCOTTIE ASH NEEDED TO SETTLE OUR BEEF.

(10). PLAINTIFF THEN INFORMED SGT HALSEY THAT INMATE ASH HAD A POSSESSION OF WEAPON DISCIPLINARY REPORT PENDING AND COULD NOT ATTEND THE DAYROOM.

(11). SGT. HALSEY INFORMED PLAINTIFF THAT HE WAS AWARE THAT INMATE ASH WAS PENDING SUCH DISCIPLINARY REPORT. HOWEVER, HE WAS STILLING ALLOWING INMATE ASH TO ATTEND THE DAYROOM.

(12). AFTER PLAINTIFF WAS STRIP SEARCHED BY SGT. HALSEY, PLACED IN FULL RESTRAINTS TO WIT: HANDCUFFS, BLACK BOX, WAIST CHAIN AND LEG IRONS. PLAINTIFF WAS PLACED IN THE THIRD FLOOR SHOWER.

(13). THEREAFTER, SGT. HALSEY PROCEEDED TO CONDUCT A STRIP SEARCH OF INMATE ASH WHO WAS HOUSED IN M-1327 ALONG WITH THE OTHER PROCEDURES PLAINTIFF HAD TO FOLLOW, THEN HE WAS PLACED IN THE THIRD FLOOR SHOWER WITH PLAINTIFF BUT SEPARATED.

## STATEMENT OF FACTS, CONTINUED:

(14). Upon Sgt. Halsey completing his task of pulling all the available inmates out there cells on the third floor of M-Wing for dayroom. He proceeded to the second floor to place other inmates in the dayroom.

(15). Upon Sgt. Halsey and the unknown officer returning to the third floor shower to escort Plaintiff and Inmate Ash to the dayroom. Plaintiff informed Sgt. Halsey that Inmate Ash had slipped his waist chain in front of him.

(16). Sgt. Halsey informed Plaintiff that he didn't care that Inmate Ash had the waist chain in front of him because he was tired of all the verbal altercations between Plaintiff and Inmate Ash and that we had to settle our beef one way or the other.

(17) As Plaintiff being to walk from the third floor shower to the dayroom on the second floor Inmate Ash being to make threating comments towards Plaintiff that he was going to bash Plaintiff's head in and choke Plaintiff with the waist chain once they were in the dayroom, so Plaintiff better not sit down.

(18). Sgt. Halsey heard these statements from Inmate Ash thereby knowing before-hand that Inmate Ash possess a serious risk of harm towards Plaintiff if Ash got within close distant of Plaintiff. Yet, Sgt. Halsey failed in his constitutional duty to avert the danger when he had the time and opportunity to do so.

## STATEMENT OF FACTS. CONTINUED:

(19). As Plaintiff entered the dayroom he stood approximately five feet away from the TV and observed inmate Ash enter the dayroom which is when Plaintiff became aware that Sgt. Halsey wanted Ash to seriously harm Plaintiff. Thats when ▇▇▇▇ fear overcame Plaintiff of his life and safety. So Plaintiff walked towards inmate Ash thats when Plaintiff and Ash went at it.

(20). To avoid from being seriously hurt Plaintiff had to grab I'm Ash by the middle of his shirt if not Ash would have beaten Plaintiff with the waist chain. Instead Ash was only able to hit Plaintiff upside the head, face and arm repeatedly with the black box and waist chain which caused multiple injuries and alot of blood.

(21). The entire incident lasted approximately 2-3 minutes the entire event Sgt. Halsey stood by and watched without intervening until later with chemical agents. After he saw that Plaintiff was injured.

(22). As a result of Sgt. Halsey deliberate indifference to Plaintiffs safety. Plaintiff received the following injuries: (1) Constant painful headaches, (2) Multiple lacerations to the head. Along with abrasions, (3) Multiple lacerations about the face with multiple skin tear and (4) Lacerations to the left upper arm 3.5 cm long x.5 and at the bottom ½ cm deep which Plaintiff had to receive steri strips and several days of medical care. (5) Plaintiff is also psychological traumatized where he now watches every inmate ▇▇▇▇ ▇▇▇▇ when out his cell and any false movement of another inmate would cause Plaintiff to attack them.

FURTHERMORE, EVERYTIME PLAINTIFF SEES SGT HALSEY OR INMATE ASH PLAINTIFF EXPERIENCE FLASHBACKS SINCE THAT INCIDENT, AND FEELS THAT OFFICER'S WILL NOT PROTECT HIM FROM OTHER INMATES WHEN THEY ARE ACKNOWLEDGEABLE OF SUCH THREAT, IN THE FUTURE.

(23). PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES CONCERNING THE CLAIM IN THIS COMPLAINT.

VII. **RELIEF REQUESTED**: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

A. ISSUE A ~~~~~~~ DECLARATORY JUDGMENT STATING THAT:

## RELIEF REQUESTED, CONTINUED:

(1). THAT THE FAILURE OF DEFENDANT HALSEY TO PROTECT PLAINTIFF FROM HARM VIOLATED PLAINTIFFS RIGHTS UNDER THE 8th AND 14th AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

(2). THAT DEFENDANT HALSEY FAILED TO ADHERED TO THE FLORIDA DEPARTMENT OF CORRECTIONS RULES AND PROCEDURES IN ENSURING THAT PLAINTIFF IS PROTECTED FROM HARM BY ANOTHER INMATE WHEN HE IS AWARE OF SUCH HARM.

(3). THAT DEFENDANT HALSEY ACTED UNDER THE COLOR OF STATE LAW AND USED HIS INDIVIDUAL CAPACITY TO VIOLATE PLAINTIFFS UNDER STATES CONSTITUTIONAL RIGHTS UNDER THE 8th & 14th AMENDMENT

B. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

(1). $300,000 (THREE HUNDRED-THOUSAND DOLLARS) AGAINST DEFENDANT HALSEY FOR THE FAILURE OF HIM TO PROTECT PLAINTIFF AND THE HARM HE ALLOWED PLAINTIFF TO SUFFER AT THE HANDS OF INMATE ASH. PHYSICALLY, EMOTIONALLY AND PSYCHOLOGICALLY

C. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

(1). $300,000 DOLLARS AGAINST DEFENDANT HALSEY TO ELIMINATE HIS FUTURE FAILURE TO PROTECT INMATES FROM HARMS AT THE HAND OF OTHER INMATES.

D. A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.

E. PLAINTIFF'S COST IN THIS SUIT ALONG WITH ATTORNEY FEE'S IF ANY.

F. SUCH OTHER AND FURTHER RELIEF AS THIS COURT MAY DEEM JUST PROPER AND EQUITABLE.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 28th day of MARCH, 2018.

Antonio Buckman

(Signatures of all Plaintiffs)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the 28th day of MARCH, 2018.